**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BOARD OF TRUSTEES OF THE IBEW LOCAL NO. 640 AND ARIZONA CHAPTER NECA HEALTH AND WELFARE TRUST FUND, as fiduciary of its welfare plan,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>Defendant-Appellee. | No. 21-16424<br><br>D.C. No. 2:20-cv-01260-MTL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Argued and Submitted July 7, 2022
Honolulu, Hawaii

Before: WARDLAW, NGUYEN, and OWENS, Circuit Judges.

The Board of Trustees ("Board") of the IBEW Local No. 640 and Arizona

Chapter NECA Health and Welfare Trust Fund ("Fund") appeals the district

court's order compelling arbitration and dismissing the Board's lawsuit against

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Cigna Health and Life Insurance Company. We have jurisdiction under 9 U.S.C. § 16(a)(3) and 28 U.S.C. § 1291. Reviewing de novo, *see Munro v. Univ. of S. Cal.*, 896 F.3d 1088, 1091 (9th Cir. 2018), we affirm.

Under the Federal Arbitration Act, 9 U.S.C. §§ 1–16, the district court's role is limited to "determining whether a valid arbitration agreement exists and, if so, whether the agreement encompasses the dispute at issue." *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 855 (9th Cir. 2022) (quoting *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004)).

1. The district court correctly determined that the ERISA plan at issue,[1] even if separate from the Fund, is equitably bound by the Fund's agreement to arbitrate under the principle of direct benefits estoppel. Under Arizona law, a nonsignatory to an agreement containing an arbitration provision may be compelled to arbitrate if the nonsignatory "asserts claims that must be determined by reference to the agreement." *Benson v. Casa De Capri Enters., LLC*, 502 P.3d 461, 464 (Ariz. 2022) (quoting *Austin v. Austin*, 348 P.3d 897, 906 (Ariz. Ct. App. 2015)).

---

[1] The Board asserts claims against Cigna under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461. The Board allegedly brings these claims in its capacity as the named ERISA plan fiduciary rather than the Fund's fiduciary.

The Board alleges that Cigna "concocted a scheme to secretly obtain more compensation than it was entitled to" and "charged excessive fees to the Plan." Determining what compensation Cigna was "entitled to" or whether its fees were "excessive" is impossible without reference to the Administrative Services Only ("ASO") Agreement, which specifies the fees that Cigna may charge. *Cf. Austin*, 348 P.3d at 906 (declining to apply direct benefits estoppel when claims only "may require reference to the . . . agreement"). The district court properly rejected the Board's representations that it would not need to rely on the ASO Agreement to prevail at trial. *See id.* (instructing courts to "look past the labels the parties attach to their claims to the underlying factual allegations" (quoting *Reid v. Doe Run Res. Corp.*, 701 F.3d 840, 848 (8th Cir. 2012))).

2. The district court also correctly determined that the arbitration provision in the ASO Agreement encompasses the parties' dispute. The provision is dissimilar to that in *CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165 (3d Cir. 2014), on which the Board relies, because it applies to "any" dispute "arising from or relating to" the agreement's performance or interpretation. *See Cape Flattery Ltd. v. Titan Mar., LLC*, 647 F.3d 914, 922 (9th Cir. 2011) (explaining that the use of both "arising out of" and "relating to" indicates that the "parties intend[ed] to include a broad arbitration provision"); *cf. CardioNet*, 751 F.3d at 174 (finding

provision narrow because it "require[d] arbitration not of 'all' or 'any' disputes between the parties, but of only 'the dispute'").

**AFFIRMED.**